IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**NATALIE CHANEY,**

    **Plaintiff,**

**v.**　　　　　　　　　　　**CIVIL ACTION NO. 1:13CV144**
　　　　　　　　　　　　　　**(Judge Keeley)**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b), and L.R. Civ. P. 4.01(d), on May 11, 2013, the Court referred this Social Security action to United States Magistrate James E. Seibert ("Magistrate Judge Seibert" or "magistrate judge") with directions to submit proposed findings of fact and a recommendation for disposition.

On July 23, 2014, Magistrate Judge Seibert filed his Report and Recommendation ("R&R") (dkt. no. 14) and directed the parties, in accordance with 28 U.S.C. § 636(b)(1) and Rule 6(e), Fed. R. Civ. P., to file any written objections with the Clerk of Court within fourteen (14) days after being served with a copy of the R&R. As of this date, the parties have not filed any objections, and the time in which to do so has passed.

**CHANEY V. COMMISSIONER OF SOCIAL SECURITY          1:13CV144**

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Upon consideration of the magistrate judge's R&R and having received no written objections,[1] the Court **ACCEPTS** Magistrate Judge Seibert's R&R in whole and **ORDERS** this civil action disposed of in accordance with the recommendation of the magistrate judge. Accordingly, it

1. **GRANTS** the Commissioner's motion for Summary Judgment (dkt. no. 12);

2. **DENIES** the plaintiff's motion for Summary Judgment (dkt no. 7); and

3. **DISMISSES** this civil action **WITH PREJUDICE** and **RETIRES** it from the docket of this Court.

Pursuant to Fed.R.Civ.P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of this Order to counsel of record.

DATED: August 8, 2014.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] Chaney's failure to object to the Report and Recommendation not only waives her appellate rights in this matter, but also relieves the Court of any obligation to conduct a *de novo* review of the issues presented. See Wells v. Shriners Hospital, 109 F.3d 198, 199-200 (4th Cir. 1997); Thomas v. Arn, 474 U.S. 140, 148-153 (1985).